IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **J.W.,**<br><br>   **Plaintiff,**<br><br>vs.<br><br>**UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, S&P GLOBAL INC. GROUP HEALTH PLAN, and S&P GLOBAL INC.,**<br><br>   **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-CV-193-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants United HealthCare Insurance Company and United Behavioral Health's Motion to Dismiss [ECF No. 15] and Defendant S&P Global Inc.'s Motion to Dismiss All Claims and S&P Global Health Plan's Motion to Dismiss the Second and Third Causes of Action [ECF No. 20]. On December 7, 2023, the court held a hearing on the motion. At the hearing, Plaintiff was represented by Brian S. King, the United Defendants were represented by Maryann Bauhs, and the S&P Global Defendants were represented by John Houston Pope. After carefully considering the memoranda filed by the parties and the law and facts pertaining to the motions, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff sues four entities for the denial of benefits under Plaintiff J.W.'s employee welfare benefits plan (the "Plan") for the denial of benefits covering his child E.W.'s treatment at Open Sky Wilderness Therapy and Waypoint Academy. E.W. spent time at Open Sky and Waypoint in 2021 and 2022 to address mood and behavioral problems. This suit concerns only the 2021 stays.

1

S&P Global Inc. ("SPGI") sponsors the self-funded S&P Global Inc. Group Health Plan ("the Plan").   In 2021, UnitedHealthcare Insurance Company ("UHIC") acted as the Plan's claims administrator with the assistance of its mental health arm, United Behavioral Health ("UBH") (collectively, "United").   United determined that the "wilderness therapy" provided by Open Sky did not qualify for benefits because it fell within the experimental, investigative, and unproven treatments exception in the Plan.   Plaintiff contends that United erred in treating "wilderness therapy" as unproven or experimental.   United did not cover E.W.'s stays at Waypoint because it determined that Waypoint did not meet the criteria for residential care and was thus in an "authorization unavailable status."

The Complaint alleges three causes of action invoking different provisions of ERISA: (1) the First Cause of Action for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B); (2) the Second Cause of Action for a violation of the Mental Health Parity Act, 29 U.S.C. § 1132(a)(3); and (3) the Third Cause of Action for statutory penalties under 29 U.S.C. 1132(a)(1)(A) and (C). The Complaint does not differentiate which party or parties Plaintiff purports to hold responsible under the various claims.

The Complaint alleges that SPGI is the Plan Administrator, but the Summary Plan Description ("SPD") for the Plan identifies a fifth entity, US Benefits Committee, as the Plan Administrator, while UHIC is listed as the third-party claims administrator for the Plan.   Plaintiff alleges that United was the agent for SPGI and the Plan.   Plaintiff contends that he requested certain documents from United and that United failed to produce them.   Plaintiff alleges that he requested documents from United on February 18, 2022, and June 13, 2022, and then made a final request to the Plan Administrator on November 5, 2022.

The SPD provides that participants may obtain "on written request to the plan

administrator, copies of documents governing the operation of the Plan, including insurance contracts, copies of the latest annual report, and updated summary plan description." If a participant requests "a copy of Plan documents or the latest annual report from the Plan and do[es] not receive them within 30 days," the participant "may file suit," and "the court may require the plan administrator to provide the materials and pay up to $110 a day."

The SPD stated that the Plan administrator delegated to United the discretion and authority to decide whether a treatment or supply is a covered health service. It also identified that United was responsible for administering claims and services relating to medical claims, interpreting Plan provisions, and determining benefit amounts. In the denial letter United issued to Plaintiff on his claim, it states that Plaintiff could request, free of charge, copies of any document United relied on to make its decision. The denial letter states that United would produce the information or documents requested.

Plaintiff's letter to United requested certain documents and stated, "If you as the claims administrator are not in possession of these important plan documents or are not acting on behalf of the plan administrator in this regard, please forward this request directly to the proper plan fiduciary and provide all contact information to us so that we may follow up with the appropriate person or entity." United did not respond, and the Plan administrator did not respond.

## DISCUSSION

UnitedHealthcare Insurance Company ("UHIC") and United Behavioral Health ("UBH") (collectively "United") move to dismiss only Plaintiff's Third Cause of Action for statutory damages against United. S&P Global Inc. Group Health Plan ("the Plan") moves to dismiss the second and third causes of action and S&P Global Inc. ("SPGI") moves to dismiss all claims.

### The United Defendants' Motion to Dismiss

Plaintiff's Third Cause of Action alleges that United, acting as agent for the Plan Administrator, was obligated under ERISA to provide Plan participants with documents under which the Plan was established or operated, including any administrative service agreements between the Plan and United, the medical necessity criteria for mental health and substance abuse, and the medical necessity criteria for skilled nursing and rehabilitation facilities. However, Plaintiff alleges that, despite Plaintiff's requests during the appeal process for United to produce the documents and requests that United forward those requests to the appropriate entity if United was not acting on behalf of the Plan Administrator, United failed to produce the requested documents.

ERISA states that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Under ERISA, "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary." *Id.* § 1132(c)(1)(B). ERISA regulations also specify that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). The ERISA Parity Act regulations also make clear that under the disclosure provision, "[i]nstruments under which the plan is established or operated include

4

documents with information on medical necessity criteria for both medical/surgical benefits and mental health and substance use disorder benefits, as well as the processes, strategies, evidentiary standards, and other factors used to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits under the plan." 29 C.F.R. § 2590.712(d)(3).

United argues that Plaintiff's Third Cause of Action requesting statutory penalties under 29 U.S.C. § 1132(a)(1)(A) and (c) fails to state a claim against it because United is not the Plan Administrator and Plaintiff has not alleged facts to support an inference that United is the Plan's agent. United also contends that the documents Plaintiff alleges that United failed to produce are not documents that administrators are required to produce under ERISA.

ERISA defines an "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. 1002(16). "Section 1002(16)(A) provides that if a plan specifically designates a plan administrator, then that individual or entity is the plan administrator for the purpose of ERISA. The statutory language is clear and unambiguous, and admits of no other interpretation." *McKinsey v. Sentry Ins.*, 986 F.2d 401, 404 (10th Cir. 1993). The Tenth Circuit has consistently held that actions for statutory penalties under ERISA "may be brought only against designated plan administrators." *Thorpe v. Retirement Plan of the Pillsbury Co.*, 80 F.3d 439, 444 (10th Cir. 1996).

Here, Plaintiff alleges that he requested certain documents from United through the claims appeal process and that United failed to produce these materials. However, United is the claims administrator, not the Plan Administrator under ERISA. Plaintiff affirmatively alleges in the Complaint that SPGI is the Plan administrator. However, the SPD defines the Plan Administrator as US Benefits Committee and requires a participant to contact the Plan Administrator to request

5

documents or information. United argues that because it is not the Plan Administrator and is a separate corporate entity from the Plan Administrator, it cannot be liable for failure to disclose Plan documents.

Plaintiff argues that he does not seek to hold United liable for the statutory penalties claim, only to impute its knowledge of Plaintiff's requests for plan documents to the Plan Administrator as its agent and fiduciary. Plaintiff contends that nowhere in the Complaint does he assert any claim for statutory benefits against United. The Complaint asks the court to impose statutory penalties on the Plan Administrator. However, Plaintiff argues that United is a necessary party to this action insofar as it has an agency relationship with the Plan Administrator.

Having admitted that it does not seek any relief from United on the claim, the court fails to see why United should be considered a defendant for purposes of the Third Cause of Action. Even if United was acting as an agent of the Plan Administrator, Plaintiff is not seeking the statutory penalties against United. The court is aware of no case law granting relief against an agent of the plan administrator for statutory penalties. If United was acting as the Plan Administrator's agent, the Plan Administrator would be responsible for its agent's actions and be the party responsible for paying statutory penalties. "If in practice, company personnel other than the plan administrator routinely assume responsibility for answering requests from plan participants and beneficiaries . . . the actions of the other employees may be imputed to the Plan administrator." *McKinsey v. Sentry Ins.*, 986 F.3d 401, 404 (10th Cir. 1993). The Third Cause of Action for statutory penalties, therefore, can only be stated against the Plan Administrator and United is dismissed from the claim to the extent that the Third Cause of Action could be read to be stated against it.

United not only asks the court to dismiss the Third Cause of Action against it because it is

not the Plan Administrator, but it also appears to seek dismissal of the claim on its merits. To the extent Plaintiff alleges the disclosure requirement was triggered because United was acting as US Benefits' agent, United claims that Plaintiff's allegation is conclusory and insufficient to establish a claim. *David P. v. United Healthcare Ins.*, No. 2:19-cv-225-JNP-PMW, 2020 U.S. Dist. LEXIS 21967, at *58-59 (D. Utah Feb. 7,2020). But a party that can have no basis for being a defendant on the claim, such as United, is not in a position to seek the claim's dismissal on the merits. The Plan Administrator can seek dismissal on the merits with respect to whether United was acting as its agent. United cannot seek dismissal of the claim for the Plan Administrator's benefit.

In this case, the Complaint does not contain specific factual allegations regarding the agency relationship between the two parties. *See L.L. v. Anthem Blue Cross Ins.*, No. 2:22-cv-208-DAK, 661 F. Supp. 3d 1106, 1114 (D. Utah 2023). But in *L..L.*, the plan provided that "[i]n no event will the claims administrator be plan administrator for purposes of compliance with . . . [ERISA]." *Id.* at *16. Here, Plaintiff alleges that United routinely put itself in the position of responding to participants' requests, under the terms of the SPD, United made the determinations regarding benefits and notified participants of the decisions, and the decision letters United sent out told the participants that they could request documents that United relied on in making the determination. Participants, therefore, would respond to and send their requests to United. By placing itself in the position of obtaining requests for documents, having no language in the Plan stating that in no event can the claims administrator be plan administrator for purposes of compliance with ERISA, and considering that one of the requested documents is the administrative services agreement between the claims and plan administrators, there is a factual dispute that the court cannot decide on a motion to dismiss. *See Julian B. v. Regence Blue Cross & Blue Shield of Utah*, No. 2:19-cv-471-TC, 2020 WL 1955222, *6 (D. Utah April 23, 2020).

Therefore, even if United could seek dismissal of the entire claim on the merits for US Benefits benefit, there is not a basis for dismissing the claim at the motion to dismiss stage.

United also claims that the documents Plaintiff seeks are not documents that need to be turned over to participants. But in *M.S. v. Premara Blue Cross*, 553 F. Supp. 3d 1000, 1034-37 (D. Utah 2021), the court recognized that documents such as the ones Plaintiff requested in this case are within the scope of the statutory penalty provision.

For the above reasons, the court dismisses United as a defendant to the Third Cause of Action because it is not the Plan Administrator. However, the court does not dismiss the Third Cause of Action for failure to state a claim against the Plan Administrator.

**SPGI's Motion to Dismiss All Claims & Plan's Moton to Dismiss Second & Third COAs**

SPGI and the Plan assert that the Complaints' failure to identify which claim is asserted against which parties is the main basis for their motion. SPGI and the Plan contend that while Plaintiffs may properly sue the Plan on the First Cause of Action for benefits, it may not sue SPGI on that claim and neither SPGI nor the Plan may be sued on the Third Cause of Action for statutory penalties because the SPD designates the US Benefits Committee as the Plan Administrator. SPGI and the Plan also argue that the Second Cause of Action under the Parity Act fails because it does not allege any facial or structural deficiency in the Plan itself, rather purportedly deficient administration of provisions by United as the claims administrator. SPGI and the Plan also assert that the Second Cause of Action does not show discriminatory treatment of mental health treatment but rather alleges content more properly adjudicated in the First Cause of Action.

1. **Third Cause of Action—Statutory Penalty Claim**

As discussed above in relation to United's Motion to Dismiss, Plaintiff's Third Cause of Action for statutory damages can only be asserted against the Plan Administrator. Plaintiffs'

Complaint errs in stating that SPGI is the Plan administrator. But the SPD is clear that the Plan Administrator is US Benefits Committee. In the SPD, SPGI is listed as the plan sponsor and principal employer for each plan and "[t]he plan administrator for each of the Plans is: Plan Administrator – US Benefits Committee." On a motion to dismiss, the court can refer to "documents incorporated into the complaint reference" such as the SPD and "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Therefore, the court can refer to the actual language of the SPD in determining whether Plaintiff has stated a claim against SPGI and the Plan. Under the terms of the SPD, Plaintiff can only bring his claim for statutory penalties against US Benefits Committee, the designated Plan Administrator.

Plaintiff's Complaint only seeks statutory penalties against the Plan Administrator. However, because it identifies SPGI as the Plan Administrator, it appears that the Third Cause of Action is stated against SPGI. Plaintiff avers that US Benefits Committee is an informal subdivision of SPGI that should be treated without legal import or effect, and that the SPD's use of the same address for SPGI and US Benefits Committee is confusing. But the Plan language is clear as to what entity is the Plan Administrator and there is no basis in any controlling case law for extending liability to a party other than the stated Plan Administrator. Courts in this Circuit, including this court, have rejected claims that try to blur the distinction between a benefits committee as plan administrator and the corporate employer. This court recognized in *Player v. Northrup Grumman*, that "nothing in ERISA requires the Plan Administrator to be a separate corporate entity." 2006 WL 2546390, at *4 (D. Utah Aug. 31, 2006). The Tenth Circuit has

rejected the idea of a "de facto administrator," meaning an expansive definition of "administrator" that extends the status to unnamed parties. *McKinsey*, 986 F.2d at 404.

Based on the language of the Plan, US Benefits Committee is the Plan Administrator and the only proper defendant on the Third Cause of Action. Neither the Plan nor SPGI are proper Defendants on the statutory penalties claim. To the extent that the Third Cause of Action could be construed to be stated against the Plan or SPGI, it is dismissed against those parties for the reasons discussed above and the reasons discussed with respect to United's Motion to Dismiss the Third Cause of Action.

Again, because SPGI and the Plan are not proper defendants to the Third Cause of Action, they are also not in a position to seek the claim's dismissal on the merits. To maintain the statutory penalties claim in the Third Cause of Action, however, Plaintiffs must amend the Complaint to add US Benefits Committee as the defendant on the Third Cause of Action. Plaintiffs shall file the Amended Complaint, naming US Benefits Committee as the defendant on the Third Cause of Action, within thirty days of the date of this Order.

   2. **First Cause of Action—Benefits Claim**

SPGI seeks dismissal as a defendant on the First Cause of Action for benefits, arguing that it is not a proper defendant for a benefits claim. Ordinarily, the proper and only necessary defendant for such a claim would be the Plan. Having sued the Plan, SPGI is a superfluous defendant. SPGI is not the Plan or Plan administrator. "Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988). SPGI does not control the administration of the Plan—US Benefits Committee is the plan administrator and UHIC acted as claims administrator. Therefore, the court agrees that it is appropriate to dismiss SPGI as a

defendant in the First Cause of Action. Accordingly, the court grants SPGI's motion to dismiss itself from the First Cause of Action.

### 3. Second Cause of Action—Parity Act Claim

SPGI seeks dismissal of the Second Cause of Action for a Parity Act violation, arguing again that it is not a proper defendant for this type of claim. Plaintiff effectively concedes that SPGI is not a necessary defendant to the Parity Act claim. The court, therefore, dismisses SPGI as a defendant.

The Plan also seeks dismissal of the Parity Act claim, arguing that (1) the claim is an as-applied challenge which is moot because of a change of claim administrators in 2022, (2) it is an unnecessary defendant to an as-applied challenge, and (3) the claim is duplicative of Plaintiff's benefits claim. Plaintiff, however, contends that he states a facial challenge to the terms of the Plan, not just United's application of the Plan terms, and that the Parity Act claim and benefits claim remedy different wrongs and are not duplicative.

Plaintiff states that his Complaint asserts two violations of the Parity Act: (1) that there is an inappropriate categorical exclusion of Open Sky as an outdoor behavioral health program because the Plan and the claims administrator do not categorically exclude coverage for medical treatment provided in an outdoor setting, and (2) that the experimental/investigational criteria in the Plan and used by the claims administrator in processing Plaintiff's claims were more stringent or restrictive than the criteria the Plan uses for analogous levels of medical/surgical benefits.

The Complaint addresses Plaintiff's Parity Act claims in several paragraphs in addition to the claim about the unequal coverage with respect to procedures that occur in outdoor settings. Paragraph 67 states "The experimental/investigation criteria used by United in processing the Open Sky claims were more stringent or restrictive than the criteria the Plan applied to analogous

intermediate levels of medical or surgical benefits."  Also, Paragraph 68 states: "Comparable benefits offered by the Plan for medical/surgical treatment analogues to the benefits the Plan excluded for E.W.'s treatment at Open Sky include sub-acute inpatient treatment settings such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities." Also in Paragraphs 70-71, the Complaint states that when the Plan receives claims for medical/surgical intermediate level treatment, they pay. But United and the Plan used the experimental and investigation criteria to deny E.W.'s intermediate level care, which resulted in a disparity.

      These allegations do not get into the specifics laid out in the briefing about the differences in experimental exclusions between mental health and medical/surgical, but they appear to be related to those arguments.  The parties' dispute as to whether the Parity Act claim states an as-applied or facial challenge is largely due to the Complaint's failure to more specifically address the differences in the exclusions.  It is unclear to the court whether this is the result of Plaintiff's lack of information from Defendants or just a failure to clearly articulate the facial challenges he is making to the Plan.  Therefore, the court believes the best path forward is to have Plaintiff amend the Complaint to clearly state his facial challenge(s) to the Plan.  If Plaintiff needs information from Defendants in order to fully state his challenge, Defendants shall promptly turn over the information Plaintiff needs.  The court grants Plaintiff thirty days from the date of this Order to submit an Amended Complaint more clearly articulating his Parity Act claims against the Plan.

      With respect to the Plan's argument that the ERISA benefits claim and Parity Act claim is duplicative, the court notes that the claims address different injuries and protect different interest. ERISA protects contractual benefits and imposes fiduciary duties and standards for operating employee benefit plans.  The Parity Act, however, was enacted to end discrimination in the provision of insurance coverage for mental health and substance abuse treatment as compared to

coverage for medical and surgical conditions. The equitable relief Plaintiff seeks under the Parity Act is directed at ensuring individuals will have access to coverage for mental health treatment. Denying a Parity Act claim as duplicative is appropriate only if the alleged injury to the plaintiff can be completely remedied by the benefits claim, which is a difficult conclusion at the motion to dismiss stage. *Christine S.*, 428 F. Supp. 3d at 1220 (D. Utah 2019). It does not appear to the court at this stage that Plaintiff's claims are duplicative, but it is premature for the court to determine whether the claims are truly duplicative.

In addition, although the Plan asserts that it is not appropriately included in the Parity Act claim that argument could only be successful if the Parity Act claim was purely an as-applied challenge directed at the claims administrator. However, Plaintiff challenges more than just United's application of Plan criteria. Plaintiff seeks to assert a facial challenge and the court has determined that he should be able to amend his Complaint to more clearly articulate his claim. Because the Plan is a necessary party in any Parity Act cause of action claiming that the Plan fails to provide equal coverage for mental health treatment and must be reformed, there is not a basis to dismiss the Plan from Plaintiff's Parity Act claim. Accordingly, the court denies the Plan's motion to dismiss the Second Cause of Action against it pending Plaintiff's amendment of the claim.

## CONCLUSION

Based on the above reasoning, Defendants United HealthCare Insurance Company and United Behavioral Health's Motion to Dismiss [ECF No. 15] Plaintiff's Third Cause of Action against them is GRANTED. Defendant S&P Global Inc.'s Motion to Dismiss All Claims and S&P Global Health Plan's Motion to Dismiss the Second and Third Causes of Action [ECF No. 20] is GRANTED IN PART AND DENIED IN PART. S&P Global Inc.'s motion to dismiss all claims

against it is GRANTED.   S&P Global Health Plan's Motion to Dismiss the Second Cause of Action is DENIED pending Plaintiff's amendment of the claim and Motion to Dismiss the Third Causes of Action is GRANTED.   Within thirty days of the date of this Order, Plaintiff shall file an Amended Complaint adding US Benefits Committee as the defendant to the Third Cause of Action for statutory penalties and more fully articulating his as-applied and facial challenges under the Second Cause of Action for a violation of the Parity Act.

DATED this 28th day of February 2024.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge